IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LARRY GRESHAM | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:13-CV-00711 |
| | § | |
| BARRETT DAFFIN FRAPPIER | § | |
| TURNER and ENGEL LLP | § | |
|     Defendant. | § | |

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT
AND TO EXTEND TIME TO FILE A RESPONSE
TO DEFENDANT'S MOTION TO DISMISS**

---

      Plaintiff by his attorney moves the court for Leave to file an Amended Complaint and to Extend Time to File a Response to Defendant's Motion to Dismiss, and in support of this motion shows:

**LEAVE TO AMEND COMPLAINT**

1.      On March 26, 2014, Defendant served its Motion to Dismiss Plaintiff's Original Verified Petition

2.      Plaintiff's response to the motion to dismiss is due Monday, April 14, 2014.

3.      Plaintiff has not amended his complaint in this action. Plaintiff can state facts which will state a claim upon which relief can be granted and in the interest of justice should be permitted to do so.

4.      The 5th Circuit has enumerated five factors to consider in determining whether to grant a party leave to amend a complaint.  Smith v. EMC Corporation, 393 F3d 590 (5th Cir. 2004).

These are: [whether the amendment will result in] 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party and 5) futility of the amendment.

5.      Since this is the first time that Plaintiff has sought to amend his petition and that the time to amend pleadings has not run, no undue delay will result.  There is no evidence that bad faith or dilatory motives exist.  There has been no prior attempt to cure any alleged deficiencies.  At this stage of the proceeding there will be no undue prejudice to the opposing party.  Plaintiff has many causes of action concerning Defendant's actions that he may plead and that are not futile.

6.      Since Plaintiff filed his lawsuit in state court, Defendant has foreclosed upon his homestead which created additional causes of action.

7.      Leave to amend "shall be freely given when justice so requires".  Price v. Pinnacle Brands, Inc., 138 F. 3d 602, 607 (5th Cir. 1998).

8.      A motion to dismiss is not considered a responsive pleading within the meaning of Fed. R. Civ. P. 15 concerning amendment of complaint after a responsive pleading is filed. Albany Insurance Co. v. Almaacnadora Somex, S.A. (5th Cir. 1993).  Thus, Plaintiff may not need leave of court to amend his complaint, but is seeking such.

9.      Defendant did not allege any deficiencies in Plaintiff's original petition, which would allow Plaintiff an opportunity to cure any such deficiencies, instead it filed its motion to dismiss.

**BASIS TO EXTEND TIME TO RESPOND**

10.     Counsel for Plaintiff was ill from Sunday, March 30 until Sunday, April 6, 2014 and was barely able to attend the emergency hearing set for Monday, March 31, 2014, except for the fact that the courthouse is located a very short distance from his home.

11.     Despite Defendant's counsel being made aware of this situation, they refused to agree to extend the time to reply.   In fact, they responded to counsel for Plaintiff's request for an extension by stating that this was a "delay tactic".   Plaintiff's counsel having been practicing law for 32 years and as an officer of the court, was quite taken back by such characterization.   Such a response appears to violate the spirit of cooperation and the intent of the Federal Rules of Civil Procedure of encouraging informal, courteous and direct resolution of problems between lawyers prior to bringing any such issue to the Court for formal resolution.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court grant leave of court to allow Plaintiff to file an amended complaint within twenty-one days of the order of this court.

Plaintiff further requests that he be given an additional amount of time of at least fourteen days after amending his complaint to file his response to defendant's motion to dismiss,

DATED this 14th day of April, 2014.

Respectfully submitted,

By:  /s/ Bern A. Mortberg
_____
Bern A. Mortberg
Texas Bar No. 14555300
bernmortberg@gmail.com

Law Office of Bern A. Mortberg
3724 Norwich Lane
Plano, TX 75025
Tel. (214) 649-4168
Fax. (1)(972)767-5032

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered to all counsel of record for Defendant showing notice to be given as shown below on the 14th day of April, 2014.:

_____    Mailed by certified mail, return receipt requested, postage prepaid, in a properly addressed envelope, placed in a post office or official depository under the care, custody and control of the United States Postal Service.

_____    Sent by Fax to the recipient's current telecopy number as indicated on the docket sheet of this matter.

___X__    By Electronic Service via the Eastern District of Texas Electronic Case Filing System.

/s/ Bern A. Mortberg
_____
Bern A. Mortberg

## CERTIFICATE OF CONFERNCE

This is to certify that counsel for defendants refused to allow plaintiff additional time to file his response to defendants motion to dismiss.  As of the time of filing this motion counsel for defendant has not responded to Plaintiff's inquiry whether they will agree to Plaintiff's request for leave to amend his complaint and thus assumes they do no so agree.

_____
/s/ Bern A. Mortberg
_____
Bern A. Mortberg

4