IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LARRY GRESHAM, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 4:13-cv-00711-RAS |
| | § | |
| BARRETT DAFFIN FRAPPIER TURNER | § | |
| and ENGEL, LLP, | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND RESPONSE TO PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE A RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES, Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), and files its Response to Plaintiff's Motion for Leave to File an Amended Complaint and Plaintiff's Request for Extension of Time to File a Response to Defendant's Motion to Dismiss. In support, Wells Fargo respectfully shows the following:

**I.**
**SUMMARY OF RESPONSE**

1.  This is Plaintiff's second attempt to avoid the foreclosure of his home located at 5512 Glenview Lane, The Colony, Denton County, Texas 75056 (the "Property"). Plaintiff's first lawsuit was dismissed on Wells Fargo's motion for summary judgment. Plaintiff then filed the instant suit, again seeking to prevent Wells Fargo from foreclosing on the Property. Wells Fargo filed its Motion to Dismiss on March 24, 2014. [Dkt. 13]. Plaintiff now seeks leave to amend his Complaint. However, Plaintiff does not provide a proposed amended complaint, nor does he identify how any such proposed amendment will avoid dismissal. For the reason set

forth below, amendment of Plaintiff's claims would be futile and prejudicial to Wells Fargo. Thus, the Court should deny Plaintiff's Motion for Leave to Amend.

## II.
### PROCEDURAL BACKGROUND

2. On January 12, 2011, Plaintiff filed suit against Wells Fargo in the 362nd Judicial District Court of Denton County, Texas, seeking, *inter alia*, a temporary restraining order to stay foreclosure on the Property. Additionally, Plaintiff asserted claims for wrongful acceleration, negligence and breach of contract. On May 20, 2013, the Honorable Jonathan Bailey granted summary judgment in Wells Fargo's favor and dismissed Plaintiff's claims against Wells Fargo with prejudice.

3. On August 2, 2013, Plaintiff filed the present action. On November 4, 2013, Plaintiff filed his Verified First Amended Original Petition, adding Wells Fargo as a defendant.

4. On November 27, 2013, Wells Fargo removed the case to this Court on the basis of a diversity jurisdiction. [Dkt. 1].

5. On March 24, 2014, Wells Fargo filed its Motion to Dismiss. [Dkt. 13].

6. On March 28, 2014, Plaintiff filed his Emergency Application for Temporary Restraining Order seeking to enjoin Wells Fargo from foreclosing on the Property.

7. On March 31, a hearing was held on Plaintiff's Emergency Application. That day, Magistrate Judge Don D. Bush issued his Report and Recommendations in which the Court determined that Plaintiff's request for temporary injunctive relief should be denied. [Dkt. 20].

8. On April 15, 2014, Plaintiff filed his Motion for Leave to File Amended Complaint and Motion for Extension of Time to File Response to Defendant's Motion to Dismiss. [Dkt. 25]. Plaintiff failed to provide a proposed amended complaint and does not specify any additional factual allegations or causes of action Plaintiff wishes to plead.

9. Wells Fargo requests that the Court deny Plaintiff's request on the grounds of futility and prejudice to Wells Fargo.

## III.
### RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

**A.  Standard for Granting a Party Leave to Amend its Complaint.**

10. The decision on a motion to amend pleadings is left to the discretion of the Court. *Godchaux v. Conveying Techniques, Inc.*, 846 F.2d 306, 319 n. 28 (5th Cir. 1988). However, "Leave to amend 'is not automatic.'" *Villagran v. Central Ford, Inc.*, 2006 U.S. Dist. LEXIS 84148, *8 (S.D. Tex. November 20, 2006) *quoting Matagorda Ventures Inc. v. Travelers Lloyds Inc. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000). "A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as 'whether there has been undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of amendment.'" *Id. quoting Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). A proposed amendment would be futile if it "would fail to state claim upon which relief could be granted," in other words, fail to survive a Rule 12(b)(6) challenge. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). As set forth below, Plaintiffs' proposed amendment should be denied on the basis that such amendment would be futile and would unduly prejudice Wells Fargo.

**B.  Plaintiff's failed to provide a proposed amended complaint in connection with his Motion for Leave to File Amended Complaint.**

11. A motion for amended complaint should be submitted to the Court with a proposed amended pleading. *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 898, 906 (6th Cir. 2002). Plaintiff failed to include a proposed amended complaint along with his Motion for Leave. Therefore, Plaintiff failed to provide Wells Fargo with notice of any claims Plaintiff intends to add in his amended pleading. As a result, Wells Fargo is unable to address the

potential merits of any cause of action Plaintiff intends to assert by way of an amended pleading. Because Plaintiff failed to comply with the rules governing amended pleadings, Plaintiff should not be granted leave to amend.

**C.      Plaintiff should be denied leave to amend his Complaint on the grounds of futility.**

   **a.      Claims related Pre-foreclosure Notices.**

12.     Plaintiff's claims are based entirely on allegations that Wells Fargo failed to provide proper Notice of Default prior to foreclosure. In his Motion for Leave, Plaintiff asserts that "since Plaintiff filed his lawsuit in state court, Defendant has foreclosed upon his homestead which created additional causes of action." However, Plaintiff fails to identify any additional cause of action he intends to assert. To the extent Plaintiff intends to assert a claim for wrongful foreclosure or any other cause of action predicated on Wells Fargo's alleged failure to provide proper pre-foreclosure notices, Wells Fargo would show that such amendment would be futile.

13.     In order to state a claim for wrongful foreclosure, a plaintiff must show:

   (1)     A defect in the foreclosure sale proceedings;

   (2)     A grossly inadequate selling price; and

   (3)     A causal connection between the defect and the grossly inadequate selling price.

*Charter Nat'l Bank-Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied). A wrongful foreclosure action requires evidence of an irregularity that "must have caused or contributed to cause the property to be sold for a grossly inadequate price." *In re Keener*, 268 B.R. 912, 921 (N.D. Tex. 2001) (internal quotations omitted) (quoting *American Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975)). The party attacking the foreclosure sale must plead and prove any irregularities that rendered the sale invalid. *Id.*

14.     In this case, Plaintiff's factual allegations concerning lack of notice were

conclusively disproven at the March 31, 2014 hearing on Plaintiff's Emergency Application for Temporary Restraining Order. *See* Report and Recommendation, p. 2 [Dkt. 20] ("Having considered the testimony and evidence presented, the Court finds that service was complete as contemplated by Texas Property Code and governing authority."). Accordingly, to the extent Plaintiff's proposed amendment would reiterate Plaintiff's allegations of improper notice, such amendment would be futile. Accordingly, the Court should deny Plaintiff's Motion for Leave to Amend.

### b. *Res Judicata*/Claim Preclusion.

15. To the extent Plaintiff intends to amend his complaint to include other causes of action unrelated to pre-foreclosure notices, Wells Fargo would show that such causes of action would be barred by *res judicata* and/or collateral estoppel. Specifically, Plaintiff previously litigated the identical issues his prior lawsuit against Wells Fargo in the 362nd Judicial District Court of Denton County, Texas. The prior lawsuit was fully and fairly litigated; summary judgment was entered in favor of Wells Fargo. Accordingly, Plaintiff is barred from re-litigating such issues in this subsequent action. *See Meador v. Oryx Energy Co.,* 87 F. Supp. 2d 658, 664 (E.D. Tex. 2000); *see also John G. & Marie Stella Kenedy Mem. Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2001). Accordingly, any amendment that would encompass claims that were brought or should have been brought in the prior lawsuit would be futile. Accordingly, the Court should deny Plaintiff's Motion for Leave to Amend.

### D. Any further amendment would be prejudicial to Wells Fargo.

16. Plaintiff asserts that "at this state of the proceeding there will be no undue prejudice to the opposing party." However, Plaintiff fails to appreciate that he has now filed multiple lawsuits in order to delay the exercise of Wells Fargo's contractual right of foreclosure.

Any further amendment of Plaintiff's groundless claims would serve only to needlessly prolong this litigation. Wells Fargo has already spent a significant amount of time and money responding to and preparing its Motion to Dismiss and defending Plaintiff's meritless Emergency Application for Temporary Restraining Order. Wells Fargo should not be forced to incur additional fees responding to another amended pleading and/or preparing a second motion to dismiss to address additional meritless claims. Additionally, Plaintiff has not made a mortgage payment since 2010. Simply put, the longer Plaintiff delays the litigation, the longer he lives in the house for free (without making any mortgage payments). This is clearly highly prejudicial to Wells Fargo. Accordingly, Wells Fargo respectfully requests the Court to deny Plaintiff's Motion for Leave.

## IV.
### RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION TO RESPOND TO MOTION TO DISMISS

17. Plaintiff again misrepresents his communications with Wells Fargo's counsel with respect to his request for additional time to respond to Wells Fargo's Motion to Dismiss. Specifically, on April 8, 2014, Plaintiff's counsel sent an email to counsel for Wells Fargo seeking an extension to respond to the Motion to Dismiss until April 30, 2014.[1] Counsel for Wells Fargo responded that it was concerned that such extension was simply sought for delay, given the history of this prolonged litigation. However, as a profession courtesy, Wells Fargo nevertheless agreed to provide Plaintiff with an extra week to respond to the Motion to Dismiss.

18. Plaintiff asserts that he was ill for the one-week period from March 30, 2014 through April 6, 2014. Accordingly, Wells Fargo does not oppose extending Plaintiff's response to such time as this Court deems reasonable under the circumstances.

---

[1] In the email, Plaintiff's counsel requested a deadline of March 30, 2014; however, it is assumed that Plaintiff's counsel intended to request a deadline of April 30, 2014.

## IV.
### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Wells Fargo, N.A. respectfully requests that the Court deny Plaintiffs' Motion for Leave to Amend and grant Wells Fargo, N.A. such further relief, both at law and equity, to which it may show itself justly entitled.

Respectfully submitted,

By: */s/ Richard A. Illmer*
Richard A. Illmer
State Bar No. 10388350
Rick.Illmer@huschblackwell.com
Justin Edward Allen
State Bar No. 24069289
Justin.Allen@huschblackwell.com

**HUSCH BLACKWELL LLP**
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 *facsimile*
**ATTORNEYS FOR WELLS FARGO**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered to all counsel of record as shown below:

_____ Mailed by certified mail, return receipt requested, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.

_____ Hand-delivered by courier receipted delivery.

_____ Forwarded by next day receipted delivery service.

_____ Communicated by telephonic document transfer to the recipient's current telecopier number.

__X__ Electronic Service via the Eastern District of Texas Electronic Case Filing System (ECF).

to: Bern A. Mortberg
3724 Norwich Lane
Plano, Texas 75025

on this 18th day of April, 2014.

*/s/ Richard A. Illmer*
Richard A. Illmer