IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LARRY GRESHAM<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | § | Case No. 4:13-cv-711 |
| | § | |
| WELLS FARGO BANK, N.A.,<br>*Defendant.* | §<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

Pending before the court are Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Original Verified Petition (Dkt. 13), Plaintiff's Motion for Leave to File Amended Complaint and to Extend Time to File a Response to Defendant's Motion to Dismiss (Dkt. 25) and Defendant's Response (Dkt. 29); Wells Fargo Bank, N.A.'s Motion for Sanctions (Dkt. 22), Plaintiff's Response (Dkt. 30), and Defendant's Reply (Dkt. 31); Wells Fargo Bank, N.A.'s Motion to Expunge *Lis Pendens* (Dkt. 27), Plaintiff's Response (Dkt. 32), and Defendant's Reply (Dkt. 33); Wells Fargo Bank, N.A.'s Rule 12(b)(6) Motion to Dismiss and Motion for Summary Judgment (Dkt. 42), Plaintiff's Response (Dkt. 52), and Defendant's Reply (Dkt. 55); and Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. 53) and Defendant's Response (Dkt. 56) as well as Plaintiff's Motion to Compel Mediation and Stay Proceedings (Dkt. 57) and Defendant's Response (Dkt. 58). For the reasons set forth herein, Defendant's Motion to Dismiss (Dkt. 13) is **DENIED AS MOOT**, Defendant's Motion for Sanctions (Dkt. 22) is **DENIED**, Plaintiff's Motion for Leave to File Amended Complaint and to Extend Time to File a Response to Defendant's Motion to Dismiss (Dkt. 25) is **GRANTED**, Defendant's Motion to Expunge *Lis Pendens* (Dkt. 27) is **GRANTED**, Defendant's Motion to Dismiss (Dkt. 42) is **GRANTED**, Plaintiff's Motion for Leave to File A Second Amended

Complaint (Dkt. 53) is **DENIED**, and Plaintiff's Motion to Compel Mediation and Stay Proceedings (Dkt. 57) is **DENIED.**

## I. JURISDICTION AND VENUE

Jurisdiction is proper in this court under 28 U.S.C. §§ 1332 and 1367. Venue is proper under 28 U.S.C. § 1391(b)(2).

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff is the mortgagor of the property at 5512 Glenview Lane, The Colony, Denton County, Texas 75056. Sometime in 2010, Plaintiff fell behind on his mortgage payments. Plaintiff then filed a lawsuit in Texas state court to prevent Defendant from foreclosing in January 2011. Defendant succeeded in obtaining summary judgment in its favor in May 2013 and reinstituted foreclosure proceedings. Plaintiff then filed the instant suit.

Early in this case, Defendant filed a Motion to Dismiss (Dkt. 13), to which Plaintiff responded with Plaintiff's Motion for Leave to File Amended Complaint and to Extend Time to File a Response to Defendant's Motion to Dismiss (Dkt. 25) and an Amended Complaint Abatement of Interference and Related Causes of Action (Dkt. 34). In this amended complaint, Plaintiff abandons his previously asserted claims and puts forth only claims based on an allegation that Wells Fargo directed his insurance company and electrical provider to terminate his services and that Wells Fargo violated Consumer Financial Protection Bureau regulations that became effective on January 1, 2014. Subsequently, Defendant filed a dispositive motion (Dkt. 42) addressing the claims in the amended complaint. Plaintiff's Motion for Leave to File Amended Complaint and to Extend Time to File a Response to Defendant's Motion to Dismiss (Dkt. 25) was filed within the dates set forth in the scheduling order (Dkt. 12) for filing amended pleadings, and the amended complaint (Dkt. 34) was also filed in conjunction with the motion

for leave,[1] although Plaintiff was not required to seek leave of court to amend his complaint during that time. Accordingly, Plaintiff's Motion for Leave to File Amended Complaint and to Extend Time to File a Response to Defendant's Motion to Dismiss (Dkt. 25) is **GRANTED** and Defendant's Motion to Dismiss (Dkt. 13) is **DENIED AS MOOT**.

However, the deadline for amending pleadings in this case expired on August 15, 2014. Approximately three months after that deadline passed and within the dispositive motion deadline set forth in the amended scheduling order (Dkt. 41), Defendant filed its dispositive motion (Dkt. 42), and the motion was fully briefed as of December 26, 2014—after Plaintiff filed three motions for extensions of time to respond.[2] Four days later, Plaintiff filed a motion (Dkt. 53) seeking to amend his complaint again. Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. 53) is untimely. Further, Plaintiff has not shown good cause or even offered any explanation for the delay in seeking to amend his complaint at this late hour. Here, the court does not find that justice requires allowing further amendment.[3] The court considers five factors in determining whether to grant a party leave to amend: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment."[4] "Absent any of these factors, the leave sought should be 'freely given.'"[5] Plaintiff has already amended his complaint twice. The amended complaint Plaintiff seeks to file asserts the same causes of actions as the previous complaint and attempts to re-assert Plaintiff's abandoned claims regarding notices of default.[6] The court finds that allowing amendment at this point would cause undue delay that

---

[1] *See* E.D. TEX. CIV. R. CV-7(k).
[2] *See* Dkts. 43, 44 and 46.
[3] FED. R. CIV. P. 15(a)(2).
[4] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).
[5] *Id.*
[6] *See infra* discussion of Defendant's Motion for Sanctions (Dkt. 22).

would prejudice the Defendant. This action has been pending since August 2, 2013. Plaintiff has not made a payment on his mortgage since 2010. Defendant has been required to respond and defend against Plaintiff's shifting allegations throughout the pendency of the action. Plaintiff has given the court no explanation for the lateness of the request but simply justifies the request based on the fact that all of the allegations he seeks to add have been previously pleaded. That is insufficient under these circumstances. Further, the proposed amendment would be futile. Defendant has put forth evidence, and the court has held, that service of the notice of default "was complete as contemplated by Texas Property Code and governing authority."[7] Accordingly, Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. 53) is **DENIED**.[8] The active pleading in this case is the "Amended Complaint Abatement of Interference and Related Causes of Action—Violation of Federal and State Statutes—For Injunctive Relief and Compensatory and Punitive Damages" (Dkt. 34).

On January 5, 2015, Plaintiff filed his Motion to Compel Mediation and to Stay Proceedings (Dkt. 57) in which he claims that Defendant has not responded to his requests to mediate the case. Defendant responds that mediation has been impossible because Plaintiff filed a Motion for Leave to File a Second Amended Complaint (Dkt. 53) and Defendant has filed a dispositive motion (Dkt. 42), upon which the court had not yet ruled. First, Plaintiff's Motion for Leave to File a Second Amended Complaint was not filed until December 22, 2014, a full three weeks after the mediation deadline in this case.[9] This late-filed motion does not explain why the parties failed to mediate the case before the December 1 deadline. Further, Defendant's dispositive motion was still being briefed by the parties well after the December 1 deadline. Indeed, the December 1 deadline was set in response to Defendant's unopposed motion to amend

---

[7] Dkt. 20 at 2, *adopted by* Dkt. 51.
[8] *See Fahim v. Marriott Hotel Servs.*, 551 F. 3d 344, 348 (5th Cir. 2008).
[9] *See* Dkt. 41 (setting mediation deadline on December 1, 2014).

the scheduling order, which also set the deadline for dispositive motions on November 17, 2014.
Even without any extensions, the earliest Plaintiff's response to Defendant's dispositive motion
would have been due was December 4, 2014.[10] Neither party requested that the mediation
deadline be moved *before* the deadline passed. Defendant cannot on the one hand argue that
Plaintiff's untimely filings have prejudiced it in this case and then fail to comply with this court's
scheduling order itself because the court has not yet ruled on its motion when Defendant was
fully aware that the motion would not even be ripe for a ruling before the mediation deadline. On
this point, Defendant has failed to show good cause for the court to amend the scheduling order
to extend the mediation deadline that already passed. Further, Plaintiff's Motion for Leave to File
a Second Amended Complaint (Dkt. 53) was not filed until December 22, 2014, twenty-one days
after the mediation deadline, and therefore cannot be an explanation for the parties' failure to
participate in mediation. As a reminder, Local Rule AT-2(d) lists as a ground for disciplinary
action the "failure to comply with these local rules or any other rule or order of this court."
Further, AT-3(J) makes clear that "[t]he court is not bound to accept agreements of counsel to
extend deadlines imposed by rule or court order."  However, it is also unclear why Plaintiff
waited thirty-five days beyond the mediation deadline to bring the matter to the court's attention.
As discussed below, because Plaintiff has failed to state a plausible claim for relief, the court
**DENIES** Plaintiff's motion to stay the proceedings and compel arbitration (Dkt. 57).

### III. LEGAL STANDARD

"[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to

---

[10] *See* E.D. TEX. CIV. R. 6, 7.

removal."[11] Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[12] Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted."[13] In considering a motion to dismiss under Rule 12(b)(6), the court must accept all of the plaintiff's factual allegations as true.[14] "'Factual allegations must be enough to raise a right to relief above the speculative level.'"[15] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16] Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

The court follows a two-step process for assessing the sufficiency of a complaint. First, the court identifies the conclusory allegations that are "not entitled to the assumption of truth."[18] Second, the court "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief."[19] This evaluation is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[20]

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any *material* fact and the movant is entitled to judgment as a matter of law."[21] Substantive

---

[11] *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 437 (1974).
[12] FED. R. CIV. P. 8(a)(2).
[13] FED. R. CIV. P. 12(b)(6).
[14] *Ballard v. Wall*, 413 F.3d 510, 514-15 (5th Cir. 2005).
[15] *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[17] *Id.*
[18] *Id.* at 679.
[19] *Id.* at 681.
[20] *Id.* at 679.
[21] FED. R. CIV. P. 56(a) (emphasis added).

law identifies the material facts.[22] A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[23] "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[24] Therefore, in deciding whether to grant a motion for summary judgment, the court must consider if "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[25] The court must construe all facts and inferences in the light most favorable to the nonmoving party.[26] When the nonmovant bears the burden of proof, the movant may meet its burden by showing that there is no admissible evidence to support the nonmovant's case.[27] Once the movant has met this burden, the burden shifts to the nonmovant to offer evidence to show there is a genuine dispute as to a material fact with respect to the claims raised. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and "may not rest upon the mere allegations or denials of his pleading."[28] "Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden."[29] "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for

---

[22] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[23] *Id.*
[24] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[25] *Liberty Lobby*, 477 U.S. at 250.
[26] *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000) ("Doubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party.").
[27] *Celotex*, 477 U.S. at 325; *Payne v. Sw. Bell Tel., L.P.*, 562 F. Supp. 2d 780, 783 (E.D. Tex. 2005).
[28] *Celotex*, 477 U.S. at 322 n. 3 (quoting FED. R. CIV. P. 56(e)); *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.").
[29] *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (internal quotation marks omitted).

trial."[30] The citations must be specific because the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact.[31]

IV. ANALYSIS

**A. Wells Fargo Bank, N.A.'s Rule 12(b)(6) Motion to Dismiss and Motion for Summary Judgment (Dkt. 42)**

Plaintiff's "Amended Complaint Abatement of Interference and Related Causes of Action—Violation of Federal and State Statutes—For Injunctive Relief and Compensatory and Punitive Damages" (Dkt. 34) does not allege any claim related to the origination or servicing of Plaintiff's mortgage. Instead, Plaintiff contends that Wells Fargo instructed Plaintiff's insurance company to cancel his homeowner's policy and instructed Plaintiff's electric provider to terminate his service because he was no longer residing at the property. Plaintiff does not specifically state a cause of action for which these allegations provide support. Plaintiff also adds a claim for violation of the regulations issued by the Consumer Financial Protection Bureau that became effective on January 1, 2014 related to "early intervention" and "dual tracking."

Defendant moves to dismiss and for summary judgment on any claim asserted by Plaintiff based on his allegations that Wells Fargo had either his homeowner's insurance or his electricity terminated. First, Plaintiff has failed to state a plausible claim for relief related to his electricity being disconnected. The only contention put forth regarding this claim is Plaintiff's own conclusory one that Wells Fargo instructed his electric provider to disconnect service. Even if Plaintiff had identified a cognizable claim related to this allegation, he has failed to state any factual content that would allow the court to draw the reasonable inference that the Defendant is liable for any misconduct related to this allegation.

---

[30] *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996).
[31] E. D. TEX. CIV. R. CV-56(c).

In his response to Defendant's motion to dismiss, Plaintiff characterizes his allegation regarding the termination of his homeowner's insurance and electrical service as forming a claim for trespass to real property. "Trespass is the unauthorized physical entry onto a person's property by someone or something."[32] To prevail on a trespass claim, the plaintiff must show that (1) the plaintiff owns or had a legal right of possession, (2) the defendant entered the property physically, intentionally, and voluntarily; and (3) the defendant's trespass injured the plaintiff.[33] Plaintiff has alleged no facts to support a claim for trespass because he has not put forth any allegations that anyone from Wells Fargo physically entered his property or caused anyone else to physically enter his property. Even if true, Plaintiff's allegations simply do not constitute interference with his physical possession of the property.

Plaintiff also raises allegations that Defendant violated regulations promulgated by the Consumer Financial Protection Bureau that became effective on January 10, 2014. Specifically, Plaintiff claims that Defendant violated the regulations with respect to "early intervention" at 12 C.F.R. § 1024.39 and "dual tracking" at 12 C.F.R. § 1024.41. Section 1024.39 requires a mortgage servicer to establish live contact with a delinquent borrower no later than the thirty-sixth day of the borrower's delinquency and to provide written information no later than the forty-fifth day after the delinquency. Plaintiff first became delinquent on his mortgage payments in 2010. Plaintiff then filed a lawsuit in state court to prevent Defendant from foreclosing in January 2011. Defendant succeeded in obtaining summary judgment in its favor in May 2013 and reinstituted foreclosure proceedings. Plaintiff then filed the instant lawsuit in a second attempt to delay the inevitable. It is undisputed by the parties that Plaintiff's failure to make

---

[32] *Hillman v. City of McKinney*, Case No. 4:11-cv-150, 2014 WL. 4954631, at *7 (E.D. Tex. Oct. 2, 2014) (citing *Ronald Holland's A-Plus Transmission & Auto. v. E-Z Mart Stores, Inc.*, 184 S.W.3d 749, 758 (Tex. App.—San Antonio 2005, no pet.)).
[33] *Wilen v. Falkenstein*, 191 S.W. 3d 791, 797-98 (Tex. App.—Ft. Worth 2006, pet. denied).

timely mortgage payments began in 2010—long before these regulations went into effect and before this suit was filed. Defendant's 2013 foreclosure was also initiated before the rules' effective date of January 10, 2014.[34] Plaintiff does not argue that these regulations were made retroactive but argues that because his breach continued beyond the effective date of these regulations, Defendant was obligated to comply with them from January 2014 until May 2014. Nothing in this section requires a servicer to continue to take these steps every thirty-six or forty-five days based on a borrower's *continued* delinquency. Even if the regulations were applicable, Plaintiff has not put forth any factual content to support these claims. Indeed, even if Plaintiff had successfully stated a plausible claim for relief, he failed to put forth any evidence that would create a genuine issue of material fact on any of those claims. Defendant's motion to dismiss (Dkt. 42) Plaintiff's claims is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

### B. Wells Fargo Bank, N.A.'s Motion to Expunge *Lis Pendens* (Dkt. 27)

On August 2, 2013, Plaintiff filed a Notice of *Lis Pendens* under instrument number 2013-96101 in the real property records of Denton County, Texas. On March 28, 2014, Plaintiff filed a second Notice of *Lis Pendens* under instrument number 2014-27788. Defendant moves to expunge both under Section 12.0071(c)(2) of the Texas Property Code because Plaintiff failed to comply with the Texas Property Code and cannot establish by a preponderance of the evidence that he has a valid claim against Defendant. Section 12.0071(c)(2) of the Texas Property Code provides that the court shall order the notice of *lis pendens* expunged if the court finds that the claimant failed to "establish by a preponderance of the evidence the probable validity of the real

---

[34] *Lucas v. Ocwen Home Loan Servicing*, Civil Action No. 3:13-cv-1057-G, 2014 WL 7059274, at *4 (N.D. Tex. Nov. 21, 2014), *adopted by* 2014 WL 7146033.

property claim[.]"[35] Because the court has granted Defendant's motion to dismiss Plaintiff's claims, Plaintiff has failed to establish by a preponderance of the evidence the probable validity his real property claims. Both notices should be expunged.

It is therefore **ORDERED** that Notice of *Lis Pendens* 2013-96101 filed on August 2, 2013, and Notice of *Lis Pendens* 2014-27788 filed on March 28, 2014, in the real property records of Denton County, Texas, is expunged after a certified copy of this order has been recorded in the real property records of Denton County, Texas. Notice of *Lis Pendens* 2013-96101 and Notice of *Lis Pendens* 2014-27788 and any information derived from these notices do not constitute constructive or actual notice of any matter contained in the notices or of any matter relating to this or any other proceeding, nor do those notices of *lis pendens* create any duty of inquiry in a person with respect to the property described in the notice or affect the validity of a conveyance to a purchaser for value or of a mortgage to a lender for value, and those notices are not enforceable against a purchaser or lender regardless of whether the purchaser or lender knew of the *lis pendens*.[36]

### C. Defendant's Motion for Sanctions (Dkt. 22)

Defendant moved for sanctions against Plaintiff in connection with the filing and pursuit of Plaintiff's Emergency Application for Temporary Restraining Order (Dkt. 16) alleging that Plaintiff's application was frivolous, brought for an improper purpose, not warranted by law, lacked evidentiary support, and brought in bad faith.[37] Defendant contends that the entire application "was based upon material misrepresentations of fact made by Plaintiff and his counsel concerning Wells Fargo's compliance with the Texas Property Code in posting the

---

[35] TEX. PROP. CODE § 12.0071(c)(2).
[36] TEX. PROP. CODE § 12.0071(f).
[37] Dkt. 22 at 1.

Property for foreclosure."[38] Plaintiff alleged in his application that he had not received a notice of default prior to Defendant's 2013 attempt to foreclose. Before the hearing on Plaintiff's application, Defendant provided Plaintiff's counsel evidence via email that the proper default notices had been sent and allowed Plaintiff the opportunity to withdraw the application for a temporary restraining order on that basis. At the hearing, Plaintiff argued that he had not received the notice and that someone had been stealing his mail, but conceded that actual receipt of the notice was not required.[39] The United States Magistrate Judge found that Plaintiff did not show a likelihood of success on the merits of his claim and an injunction was not warranted.[40] Defendant contends that Plaintiff pursued his application with full knowledge that it was founded on incorrect facts and legal theories yet pursued it in bad faith for the improper purpose of delaying foreclosure.

Rule 11 authorizes a court to impose sanctions if: (1) a document has been presented for an improper purpose (Rule 11(b)(1)), (2) the claims or defenses of the signer are not supported by existing law or by a good faith argument for an extension or change in existing law (Rule 11(b)(2)), or (3) the allegations and other factual contentions lack evidentiary support and are unlikely to have evidentiary support after a reasonable opportunity for investigation or discovery (Rule 11(b)(3)). A violation of any one of these provisions can merit sanctions, *i.e.* each provision provides an independent basis for sanctions.[41] "[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the

---

[38] Dkt. 22 at 1-2.
[39] "Service of notice is complete when the notice is sent via certified mail." *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (citing TEX. PROP. CODE § 51.002(e)).
[40] Dkt. 20 at 3.
[41] *F.D.I.C. v. MAXXAM, Inc.*, 523 F.3d 566, 577 (5th Cir. 2008) (citing *Whitehead v. Food Max of Miss.*, 332 F.3d 796, 802 (5th Cir.2003)).

federal courts."[42] In evaluating Plaintiffs' actions, the court may consider: "(1) the time available to prepare the pleading; (2) the plausibility of the legal argument; (3) the *pro se* status of the litigant; and (4) the complexity of the legal and factual issues raised in the case."[43] "A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."[44] The sanction imposed should be the "least severe sanction adequate to the purpose" of Rule 11.[45] "An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction."[46]

Plaintiff first responds that Defendant did not give notice of its intent to seek sanctions twenty-one days before it filed its motion for sanctions as required under Federal Rule of Civil Procedure 11(c)(2). Defendant replies that because its motion is based on Plaintiff's *Emergency Application for Temporary Restraining* that was set for a hearing only three days after it was filed, Defendant did not have the opportunity to provide Plaintiff twenty-one days to withdraw the application. Defendant notified Plaintiff when it received the application that it would seek sanctions against Plaintiff and his counsel if forced to incur the time and expense of preparing a response to the application.[47] The advisory committee notes to the 1983 amendment of Rule 11 explains that "[a] party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so" and that "[t]he particular format to be followed should depend on the circumstances of the situation and the severity of the sanction under

---

[42] *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990).
[43] *McCampbell v. KPMG Peat Marwick*, 982 F. Supp. 445, 448 (N.D. Tex. 1997).
[44] FED. R. CIV. P. 11(c)(4).
[45] *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988).
[46] FED. R. CIV. P. 11(c)(6).
[47] Dkt. 22-1.

consideration."[48] The Defendant notified Plaintiff of its intent to seek sanctions the day Plaintiff's application was filed, and filed its motion for sanctions eight days after the hearing.

Plaintiff's counsel also contends that he had been requesting copies of the Notice of Default at issue for nine months prior to filing the emergency application and that Defendant had not produced it. Plaintiff's counsel asserts that after he filed the emergency application, he was not able to check his emails over the weekend and therefore did not receive Defendant's response until later. Defendant responds that these arguments are "disingenuous at best, especially in light of the fact that Plaintiff's counsel admitted that he actually received a notice of default, which was addressed to Plaintiff at Plaintiff's counsel's address."[49] Defendant points out that at that time, Plaintiff had not propounded any written discovery requests and Defendant was not obligated to provide any documentation. Defendant also argues that as further evidence of his bad faith, even after having conceded the notice was received at the hearing, Plaintiff objected to the Report and Recommendation of the United States Magistrate Judge, requiring Defendant to file a response. Plaintiff responds that Defendant is attempting to harass Plaintiff through litigation.

The court finds that both sides of this case have engaged in tactics that have increased costs and delayed the proceedings.[50] The numerous filings have caused the court to spend an unwarranted amount of time addressing problems that may have been avoided had the parties complied with all Federal Rules of Civil Procedure and this court's Local Rules. "Unnecessary complaints sap the time of judges, forcing parties with substantial disputes to wait in a longer

---

[48] FED. R. CIV. P. 11 advisory committee's note (1983); *see also* FED. R. CIV. P. 11 advisory committee's note (1993) ("The revision leaves for resolution on a case-by-case basis, considering the particular circumstances involved, the question as to when a motion for violation of Rule 11 should be served and when, if filed, it should be decided.").
[49] Dkt. 31 at 2.
[50] *See supra* discussion with regard to Plaintiff's Motion to Compel Mediation and Stay Proceedings (Dkt. 57)

queue and condemning them to receive less judicial attention when their cases finally are heard."[51] The court declines to impose any sanctions on Plaintiff at this time.

## V. CONCLUSION

Defendant's Motion to Dismiss (Dkt. 13) is **DENIED AS MOOT**, Defendant's Motion for Sanctions (Dkt. 22) is **DENIED**, Plaintiff's Motion for Leave to File Amended Complaint and to Extend Time to File a Response to Defendant's Motion to Dismiss (Dkt. 25) is **GRANTED**, Defendant's Motion to Expunge Lis Pendens (Dkt. 27) is **GRANTED**, Defendant's Motion to Dismiss (Dkt. 42) is **GRANTED**, Plaintiff's Motion for Leave to File A Second Amended Complaint (Dkt. 53) is **DENIED** and Plaintiff's Motion to Compel Mediation and Stay Proceedings (Dkt. 57) is **DENIED**.

---

[51] *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987).

Further, it is **ORDERED** that Notice of *Lis Pendens* 2013-96101 filed on August 2, 2013, and Notice of *Lis Pendens* 2014-27788 filed on March 28, 2014, in the real property records of Denton County, Texas, are both hereby expunged after a certified copy of this order has been recorded in the real property records of Denton County, Texas. Notice of *Lis Pendens* 2013-96101 and Notice of *Lis Pendens* 2014-27788 and any information derived from these notices of *lis pendens* do not constitute constructive or actual notice of any matter contained in the notices or of any matter relating to this or any other proceeding, nor do those notices of *lis pendens* create any duty of inquiry in a person with respect to the property described in the notices, or affect the validity of a conveyance to a purchaser for value or of a mortgage to a lender for value, and those notices are not enforceable against a purchaser or lender regardless of whether the purchaser or lender knew of the *lis pendens*.[52]

IT IS SO ORDERED.

**SIGNED this the 28th day of April, 2015.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[52] Tex. Prop. Code § 12.0071(f).